[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DAMAGES
This Memorandum relates to the second phase of an action brought by the plaintiffs Krasowski against the defendants, Fantarella and Mallinson, to quiet title to property located off Wheelers Farms Road in the City of Milford.
Title to the disputed parcel has been quieted in the plaintiffs Krasowski. Pursuant to § 47-30 of the Connecticut General Statutes, they have elected to have the court quiet the title thereof in the defendants' Fantarella and Mallinson. There remains then for the court to assess whatever damages the plaintiffs have incurred as a result of the actions of the defendants, namely the value of the subject property being quieted in each defendant.
In doing so, the court makes its determination of value for the subject parcels as of the date on which the Krasowskis made their election pursuant to § 47-30 of the Connecticut General Statutes. This decision by the plaintiffs constitutes an election to receive the reasonable value of the property rather than any damages incurred as a result of their use and occupancy resulting from their trespass.
The initial decision for the court to determine is whether the property can be valued as a building lot and excess acreage or whether the entire parcel can be valued as excess acreage. As for the property occupied by Mallinson, it does not consist of a building lot nor can it become so by its addition to other Mallinson property. This then must be valued as excess acreage. As for the property occupied by the Fantarellas, this poses a different problem. At the time Fantarellas occupied the Krasowski property, it was, although incorrectly, included within the property laid out as a subdivision and known as Ledgebrook. The approval of the subdivision was as to the layout only. The improvements such as roads, sewers, etc. were never constructed. CT Page 8977 As a result thereof the approval lapsed by operation of law. The Fantarellas were able to obtain a building permit because at the time they applied for a building permit there was frontage on Wheelers Farms Road. The property at the present time does not abut any public highway. The Zoning Enforcement Officer described the parcel as "not conforming but not illegal." As of the date of election by the plaintiffs Krasowski, the court considers the property occupied by the Fantarellas to be a building lot albeit not conforming but not illegal. Its value therefore should be determined as such.
In examining the evidence presented to the court as to value, the court notes that the testimony of the plaintiffs' appraiser is as to 1987 values. He also fails to distinguish between property occupied by Mallinson as opposed to that occupied by the Fantarellas. He determines the value of the entire parcel by determining the value of a building lot (60,000 square feet) with the remainder being excess acreage. The defendants, however, valued the property separately claiming the entire subject property to be excess acreage and valued these properties as of 1995 or its present day value.
The court deems the approach taken by the defendants to be more appropriate. First, because the properties are valued separately and secondly, because the values are as of 1995.
The valuation as to Mallinson, the court finds to be clear cut and amounts to $6,000.00. This can be determined from the defendant's appraisal as well as the assessors records. As to Fantarella, the court finds the evaluation to be more difficult. There is no division by the plaintiffs' appraiser between the value of the parcel occupied by Mallinson and the parcel occupied by Fantarella. In addition, the values as found were based on 1987 values. There is, however, testimony from the plaintiff's appraiser relating to the value found by the Tax Assessor of the Town of Orange. The assessor's findings are based on the last valuation for the Town of Orange that being 1990, and encompassed an area consisting of 3.041 acres. Exhibit 35 contains the assessment records with its determination of value.
The property is not on an accepted town road. Access to the Fantarella parcel is by way of Fairway Road. The area is residential in nature. However, the land is not what the court would describe as rolling terrain. There is a sharp declivity only a short distance from the Fantarella home. Lindsey Drive is CT Page 8978 not an accepted Town Road. Today, the Fantartellas would not be able to obtain a building permit. However, in 1985, a building permit was granted. A Certificate of Occupancy was issued in 1986 for the residence that was constructed on the subject property. As previously indicated, approval of the subdivision lapsed by operation of law and under conditions as existing today a building permit could not be obtained.
The Town, however, considers the site as a nonconforming lot but not illegal. With these constraints in mind, the court reaches the following conclusion.
Taking the plaintiffs' appraisal of $128,600 for the 3.98 acres as of September 1985 and reinstating the 18% adjustment made by the appraiser to arrive at a 1985 value and thereafter reducing the figure by the amount of $6,000 assessed against the Mallinson portion of the subject property, the court arrives at a figure for the Fantarella site of $145,748.00. This compares favorably with the assessors value of $140,200.00.
The court makes no award of interest in view of the date of its finding of value.
Damages are awarded against Mallinson in the amount of $6,000.00 and against Fantarellas in the amount of $145,748.00.
The plaintiffs' attorney has requested that she be awarded attorney's fees. The court has previously found that the Fantarellas did not act with any intent to deprive the Krasowskis of their property. In fact, when they purchased the property they engaged the services of an attorney as well as having the record title examined by a qualified title examiner who led them to believe that they were the true owners of the subject properly. As for the Mallinsons, they never made any use nor did they physically occupy the property. With this in mind, the court makes no award of attorney's fees.
Judgment with costs may enter in accordance with the above.
THE COURT CURRAN, J. CT Page 8979